LOUIS F. TIMMERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96317. Promulgated June 25, 1940.

*J. Richard Riggles, Jr., Esq.,* for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined a deficiency of $610.48 in the income tax of the petitioner for the calendar year 1936. The Board adopts the stipulation of the parties as its findings of fact.

The Gas Utilities Co. was dissolved on July 16, 1936. The petitioner was the owner of shares of stock of that company on that date. The corporation distributed to its stockholders of record as of that date, a partial liquidating dividend consisting of common stock of the Oklahoma Natural Gas Co. The distribution resolution provided that the Oklahoma stock was not to be distributed until the liquidating corporation had received from its counsel an opinion in regard to taxation. The opinion was received after the close of the stock market on August 7, 1936. The certificates of Oklahoma stock received by the petitioner were dated August 8, 1936, and were mailed

to the petitioner at some time on Saturday, August 8, 1936. They were received by the petitioner in the ordinary course of the mail on August 14, 1936. The petitioner reported his income upon a cash basis. He computed and reported a gain upon the exchange of his Gas Utilities Co. stock by taking the market value of the Oklahoma shares for the day upon which he received them. The Commissioner, in determining the deficiency, used the market value of the shares on August 8. The only question for decision is whether the value of the shares on August 8 or the value of the shares on August 14 should be taken.

Both parties have proceeded in accordance with section 115 (c) of the Revenue Act of 1936, which provides that amounts distributed in liquidation of a corporation shall be treated as payment in exchange for the stock. Section 115 (j) provides that if a dividend is paid in any medium other than money, the property received shall be included in gross income at its fair market value at the time as of which it becomes income to the shareholder. The petitioner reported his income upon the basis of actual receipts. See sections 41 and 42. A taxpayer, upon the cash basis, may not turn his back upon income and may not postpone its receipt beyond the time when it is unqualifiedly subject to his demand. This petitioner, however, has not refused to accept income or to recognize it at his first opportunity. He has acted as any reasonable man would under similar circumstances.

Taxation is an eminently practical matter and the statute should be given a reasonable interpretation. The petitioner did not know and had no way of knowing when the opinion of counsel would be received by the Gas Utilities Co. or when the Oklahoma shares would be distributed. While it is true that he might possibly have sold his Oklahoma shares or exercised some dominion over them prior to the receipt of the actual certificates, had he learned in some way that a certain number of shares had been mailed to him on August 8, nevertheless the respondent does not contend that the petitioner could have or should have anticipated when the certificates were going to be mailed to him. No one expected the many stockholders of the distributing corporation to arrive at its place of business on the 8th and demand their Oklahoma shares. The petitioner lived at a great distance from the place where the certificates were mailed. The corporation adopted the most practical and usual method of making the distribution, that of mailing the certificates. The petitioner had no reasonable means of avoiding loss from a reduction in the value of his shares between August 8 and 14. Furthermore, it should be borne in mind that this rule works both ways. If the shares had increased in value during the

period, the interests of the parties would be just the reverse of what they are now. A strained unusual construction would be required to hold that this petitioner was in receipt of income from the exchange of his old stock for the Oklahoma stock on August 8. Cf. *Avery* v. *Commissioner*, 292 U. S. 210. Furthermore, there is no necessity or reason for adopting such a holding.

The case of *Commissioner* v. *Scatena*, 85 Fed. (2d) 729, affirming 32 B. T. A. 675, is distinguishable. The court there said that, although generally a dividend is taxable when received rather than when declared, "Here, however, the parties have failed to enlighten us of the date of the actual delivery of the certificates for the dividends; we must, therefore, look to facts given us for the date when the dividends were unqualifiedly made subject to the demand of the stockholder." The period between the day upon which the certificates left the hands of the distributing corporation and the day upon which certificates reached the distributee was very much longer in that case than it is in this case. The question depended upon whether the distributee received income from the distribution in 1928 or whether it was in 1929. The court, not knowing when the certificates were actually mailed to or received by the distributee, held that the income was received in 1928. Here we have been supplied with the evidence which was missing in that case and our question is slightly different. The value of the shares on August 14, 1936, should be used.

Reviewed by the Board.

*Decision will be entered for the petitioner.*